# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**BOBBY ALLEN WHITLOCK**     **PLAINTIFF**

**V.**     **NO. 4:07CV110-M-B**

**EVAN SMITH, et al.**     **DEFENDANTS**

## OPINION

This matter is before the court for consideration of Plaintiff's motion for reconsideration. Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, filed this matter pursuant to 42 U.S.C. § 1983. Plaintiff is seeking monetary damages for his conviction and sentence which he alleges was the result of an illegal arrest.[1] On August 2, 2007, the court held that any challenge to Plaintiff's arrest was barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and Plaintiff's claim for damages related to his conviction was dismissed. Plaintiff promptly filed a motion for reconsideration insisting that *Heck* does not bar his claim because he is merely challenging the arrest and not his conviction or sentence arising therefrom.

### A. *Factual Background*

On July 13, 2006, Plaintiff was arrested in Greenville by Washington County Sheriff's Deputies. Deputies received a tip from a confidential informant that Lisa Cary and Bobby Allen Whitlock were in possession of crystal methamphetamine at the Alomatt Motel. Deputies went to the motel room and knocked on the door. Whitlock opened the door. The room was registered in Lisa Cary's name. She gave the deputies written consent to search the motel room. The deputies recovered two bags of methamphetamine in a desk drawer along with unidentified pills, and two bags of methamphetamine in Cary's purse. Deputies also found drug paraphernalia in the room

---

[1] Plaintiff also alleged that he is being denied medical treatment for a pre-existing heart condition. Following a *Spears* hearing, the Magistrate Judge in a November 13, 2007, Report and Recommendation has recommended the medial treatment claim be dismissed.

including burnt foil, a razor blade and a smoking pipe. Both Cary and Whitlock were taken to the sheriff's department. Whitlock was arrested "because he was already out on two previous bonds."

Plaintiff argues that the deputies searched him and found no drugs on his person. Therefore, his argument concludes that the deputies lacked probable cause to arrest him. Despite the evidence obtained from the motel room prior to his arrest, Whitlock contends that his arrest was, nonetheless, illegal.

*B. Discussion*

As mentioned *supra*, in a previous opinion the court determined that Whitlock's Fourth Amendment claim challenging his arrest is barred by *Heck*. *Heck* provides that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Thus, a cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated. *Id*. at 513 U.S. at 489-91. The court held that any challenge to the constitutionality of Whitlock's arrest would necessarily render his conviction for possession of methamphetamine invalid. The court is satisfied that this logic is still applicable and does, indeed, bar Plaintiff's claim. So that there is no stone left unturned, however, the court shall further consider the merits of Plaintiff's claim as though it could survive *Heck*.

<u>Was the Detention of Plaintiff Proper?</u>

The Fourth Amendment protects citizens from searches and seizures without probable cause. U.S. Const. amend. IV. The Fourth Amendment's prohibition against unreasonable searches and seizures applies to police conduct that falls short of a full blown arrest including brief investigatory stops. *Terry v. Ohio*, 393 U.S. 1, 14, 88 S. Ct. 1868, 1876, 20 L. Ed. 2d 889 (1968). Investigatory

stops must be supported by reasonable articulable suspicion of criminal activity in order to withstand constitutional scrutiny. *U.S. v. Cortez*, 449 U.S. 411, 417-18, 101 S. Ct. 690, 695, 66 L. Ed. 2d 621 (1981). A valid stop must be supported by the officer's ability "to articulate something more than inchoate and unparticularized suspicion or hunch." *U.S. v. Sokolow*, 490 U.S. 1, 7, 109 S. Ct. 1581, 1585, 104 L. Ed. 2d 1 (1989) (internal quotations omitted). The level of suspicion required for a *Terry* stop is less demanding than that required to demonstrate the existence of probable cause. *Id.* at 7. When evaluating the validity of an investigatory stop, the Court must consider "the totality of the circumstances – the whole picture." *Cortez*, 449 U.S. at 417.

The Fifth Circuit has promulgated a two-tiered standard for the reasonable suspicion inquiry: "(1) whether the officer's action was justified at its inception, and (2) whether the search or seizure was reasonably related in scope to the circumstances that justified the stop in the first place." *U.S. v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003). A precise definition of reasonable suspicion is not subject to a formal or neat set of rules. *Sokolow*, 490 U.S. at 7. No single fact is determinative; rather, reasonable suspicion is determined by a fact intensive analysis requiring the court to review all the circumstances collectively. *U.S. v. Neufeld-Neufeld*, 338 F.3d 374, 379 (5th Cir. 2003).

Officers may develop an objective belief that criminal activity is afoot from reliable information received from a reliable informant. *Adams v. Williams*, 407 U.S. 143, 92 S. Ct. 1921, 32 L. Ed. 2d 612 (1972); *U.S. v. Hopes*, 286 F.3d 788 (5th Cir. 2002). The demeanor and behavior of the suspect may also give rise to reasonable suspicion but may not be sufficient as the only factor present. *U.S. v. Ballard*, 573 F.2d 913, 915-16 (5th Cir. 1978) (stop was unreasonable where the suspect's nervousness and a fast walking pace were the only factors presented). A law enforcement officer with the requisite level of suspicion is entitled to "stop" a suspect for a reasonable period of time in order to verify or dispel his suspicions. *Florida v. Royer*, 460 U.S. 491, 500, 103 S. Ct. 1319, 1325, 75 L. Ed. 2d 229 (1983). However, "once an officer's suspicions have been verified or dispelled, the detention must end unless there is additional articulable, reasonable suspicion." *Grant*, 349 F.3d at 196.

For purposes of this analysis the court finds that Whitlock's initial detention outside the motel room, after he answered the deputies knock at the door, was the equivalent of a *Terry* stop. Along with his complaint, Plaintiff submitted an offense report prepared by the Washington County Sheriff's Department detailing the events that lead to his arrest. The report indicates that Sargent Evan Smith received information from a confidential source accusing Whitlock and Cary of possessing methamphetamine. The source also informed Sargent Smith that Whitlock and Cary were at the Alomatt Motel specifically in room 117. Acting on this information, deputies approached the motel room and knocked on the door. Importantly, the deputies did not immediately enter the room. Rather, Plaintiff admits that he "opened the door" and stepped outside.

Next, according to Plaintiff's complaint, he was subjected to a protective *Terry* pat-down outside the room which revealed no weapons or drugs. This minimally invasive search of Whitlock was well within acceptable constitutional conduct. *Michigan v. Long*, 463 U.S. 1032, 1046-47, 103 S.Ct. 3469 (1983) (in the interest of safety, officers may conducted a limited search of an individual for weapons even if they lack probable cause for an arrest). Based on the very specific information the deputies possessed, the detention and subsequent search of Whitlock was entirely proper and consistent with the Fourth Amendment protections as circumscribed by decades of judicial interpretation. In keeping with the Fifth Circuit's two-step analysis, the deputies were justified by knocking on the motel room door and conducting a reasonably limited search of Whitlock. Therefore, the court finds that the deputies did possess adequate reasonable suspicion to detain and search Whitlock.

<u>Was the Room Search Valid?</u>

Under the right circumstances reasonable suspicion can ripen into probable cause. *U.S. v. Worthington*, 544 F.2d 1275, 1280 (5th Cir. 1977) (reasonable suspicion to conduct an investigatory stop ripened into probable cause when the agents observed drugs in plain view. Warrantless searches must be supported by probable cause to believe that there is contraband or evidence of a crime. *California v. Carney*, 471 U.S. 386, 1058 S. Ct. 2066, 85 L. Ed. 2d 406 (1985). A probable cause

determination is guided by the totality of the circumstances test announced in *Illinois v. Gates*, 426, U.S. 213, 241, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Alternatively, the Supreme Court has long held that "one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043-44, 36 L.Ed.2d 854 (1973).

A third party can consent to a search if she has "common authority" over the premises. Common authority has been defined as the "mutual use of the property by persons generally having joint access or control for most purposes." *U.S. v. Matlock*, 415 U.S. 64, 171 n.7, 94 S.Ct. 988, 993, n.7, 39 L.Ed.2d 242 (1974). Here, the sheriff department's offense report indicates that Cary signed a consent to search form allowing deputies to search the motel room. Approximately three grams of methamphetamine as well as drug paraphernalia were found in the room.

It is above dispute that Cary, as the registrant, did have actual authority to give deputies consent to search the room. *See U.S. v. Richards*, 994 F.2d 244, 250 (5th Cir. 1993) (cotenant had common authority to consent to search of hotel room). Also, as a cotenant Cary was free to provide consent to search all areas of the motel room and property contained therein. Indeed, Whitlock does not challenge the validity of Cary's consent to search. Therefore, any evidence or contraband obtained from the search of the motel room was lawfully seized.

<u>Was Whitlock's Arrest supported by Probable Cause?</u>

Since the legally seized drugs and paraphernalia formed the basis of the charges against Whitlock, it is difficult to imagine that his arrest was invalid. To overcome this inconvenient fact, Whitlock argues that he should have been released because he did not "actually" possess any drugs and that he could not have "constructively" possessed the drugs since the room was registered to

5

Cary. Ignoring for a moment that this argument challenges the very nature of his conviction[2], given the facts of this case, the substance of his argument is unavailing.

Possession may be actual or constructive. *U.S. v. Pigrum*, 922 F.2d 249, 255 (5th Cir. 1991). Constructive possession is "the knowing exercise of, or knowing power or right to exercise, dominion and control over" the contraband. *Id.* at 255. Stated differently, "constructive possession is the ability to reduce an object to actual possession." *Id.* Possession can be exclusive or shared. *U.S. v. DeLeon*, 641 F.2d 330, 335 (5th Cir. 1981).

Despite his protestations, Whitlock never denies having knowledge that drugs were in the motel room. An interesting omission because the deputies seized "burnt foil" indicating that someone had actually used drugs in the room. It is, therefore, reasonable to infer that Whitlock had knowing access to the drugs in the small confined room. *See U.S. v. Chaviar*, 209 F.3d 720 (2000). Furthermore, when deputies knocked on the motel room door, it was Whitlock who answered. One could argue that given the obvious presence of the drugs, Whitlock exercised dominion over the methamphetamine by controlling the only access to the motel room. *See U.S. v. Gourley*, 168 F.3d 165, 169 (5th Cir. 1999) (knowledge of presence of drugs and control of a warehouse established constructive possession).

The fact that Cary also could have also possessed the drugs does not diminish Whitlock's concurrent ability to possess the drugs. In light of Whitlock's presence in the small room where drugs and drug paraphernalia were found, combined with his ability to actually possess the drugs and his apparent control over access to the motel room, he plainly had constructive possession of the contraband. *U.S. v. Lopez*, 979 F.2d 1024, 1031 (5th Cir. 1992) (one who exercises dominion over

---

[2] This argument takes the court back to its original opinion finding that Whitlock's claim is barred by *Heck*. Plaintiff was arrested and charged with possession of the methamphetamine found in the motel room. A determination that Plaintiff did not actually or constructively possess the drugs, would obviously be in direct conflict with the state court conviction for "possession of methamphetamine." This is precisely the type of legal maneuvering that *Heck* prohibits. Consequently, this self-defeating argument only serves to reinforce the court's prior ruling.

premises where contraband is found can be deemed to possess). As a result, the court finds that Plaintiff's arrest was supported by probable cause to believe that he possessed methamphetamine and, thus, did not run afoul of the Constitution.

*C. Conclusion*

As originally determined, Plaintiff's claim for damages related to his alleged illegal arrest is barred by *Heck*. Furthermore, in the unlikely event that his claim could survive *Heck*, it is nonetheless meritless. Accordingly, Plaintiff's claim for violation of the Fourth Amendment is again dismissed.

A separate order in accordance with this opinion will be entered.

THIS the 6th day of December, 2007.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**